UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSE A. DEMARIA, D.C., T. LEONARD PROBE, D.C. and JAMES PROODIAN, D.C., on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; and HORIZON HEALTHCARE OF NEW JERSEY, INC. d/b/a HORIZON HMO,<br><br>Defendants. | Civ. No. 2:11-cv-7298 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Alphonse A. Demaria, Leonard Probe and James Proodian have brought this putative class action on behalf of themselves and all other similarly-situated chiropractic physicians. This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.    BACKGROUND[1]**

Defendants Horizon Healthcare Services, Inc. and Horizon Healthcare of New Jersey, Inc. (collectively "Horizon") underwrite and/or administer the health insurance benefits of more than 3.6 million persons in New Jersey ("Plan Participants") through various employer-sponsored, individual and governmental health insurance coverage plans ("Plans"). Through these Plans, Horizon provides reimbursement for certain health care services rendered to Plan Participants ("Covered Services"), subject to the terms set

---

[1] The following assumes the facts in Plaintiffs' Complaint as true.

forth in each individual Plan.  Many of these Plans are governed by ERISA.  Other plans are ERISA-exempt.

Plaintiffs are chiropractors who would regularly provide four types of chiropractic treatments to Plan Participants.  Namely: (1) evaluation and management services ("E/M"); (2) chiropractic manipulative therapy ("CMT"); (3) passive adjunctive modalities ("passive modalities"); and (4) active therapeutic procedures ("active therapies").  In the course of providing those services to Plan Participants, all three Plaintiffs assert that "as a matter of course," they would obtain written assignments ("Assignments") from Plan Participants which entitled Plaintiffs to any claims for reimbursement which would otherwise be payable to the Plan Participants.  (Compl. ¶ 9.)  Pursuant to these Assignments, the Plan Participants also remained personally liable to Plaintiffs for any non-Covered Services.  (*Id.*)  Plaintiffs, however, have not provided copies of any of these purported Assignments, nor have they set forth the exact language contained in these writings.

Plaintiffs would thereafter seek reimbursement from Horizon for those services.[2]  Plaintiffs allege that from at least March 2004 until April 15, 2010, Horizon systemically and improperly denied their insurance benefit claims for E/M services, passive modalities, and active therapies, and only provided benefits for the CMT services.  Horizon's proffered reasons for denying those reimbursement claims, included, among others:

"THIS PROVIDER WAS NOT CERTIFIED/ELIGIBLE TO BE PAID FOR THIS PROCEDURE/SERVICE ON THIS DATE OF SERVICE"; "B106 THIS SERVICE IS NOT A COVERED BENEFIT WHEN BILLED BY THIS TYPE OF PROVIDER"; "F027 PROVIDER TYPE/SPECIALTY CANNOT PERFORM THIS TYPE OF SERVICE"; "52 THE REFERRING/PRESCRIBING/RENDERING PROVIDER IS NOT ELIGIBLE TO REFER/ PRESCRIBE/ORDER/PERFORM THE SERVICE BILLED"; "97 PAYMENT IS INCLUDED IN THE ALLOWANCE FOR ANOTHER SERVICE/PROCEDURE"; "X800 REIMBURSEMENT FOR THESE SERVICES IS INCLUDED IN THE REIMBURSEMENT FOR THE CHIROPRACTIC MANIPULATIVE TREATMENT."  (*Id*. ¶ 92.)

Horizon later took the position that it "bundled" reimbursement for all four services into a "global fee" for CMT.  And on October 7, 2009, the New Jersey Department of Banking and Insurance ("DOBI") held that Horizon's bundling practices

---

[2] Plaintiff DeMaria was a Horizon "Participating Provider," meaning that when he treated Plan Participants in certain – and heretofore unspecified – Horizon Plans, he agreed to accept payments directly from Horizon for Covered Services as payment in full.  Plaintiffs Proodian and Probe were "Non-Participating Providers" who, under at least some of the Plans, were entitled to be reimbursed by Horizon, but also retained the right to "balance bill" Plan Participants for the difference between their submitted charges and any reimbursement paid to them by Horizon for Covered Services.

violated New Jersey's Unfair Claim Settlement Practices Act, N.J.S.A. § 17B:30-13.1. The DOBI therefore ordered Horizon to begin "to individually evaluate whether E/M [services, passive modalities, and active therapies] billed by chiropractors are significantly separable from CMT or other services provided by chiropractors." (*Id*. ¶ 15.) Plaintiffs concede that Horizon was in compliance with the DOBI's order by April 15, 2010, but nonetheless now seek relief from Horizon for its past pattern of improperly processing reimbursement claims for chiropractic treatments.

On December 16, 2011, Plaintiffs commenced this action in district court. Counts One and Two of the Complaint allege violations of § 502(a) of the Employment Retirement Security Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). The Court has original jurisdiction over claims arising under ERISA. 29 U.S.C. § 1132(e); *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58 (1987). The remaining counts in the Complaint allege various violations of New Jersey state law, over which Plaintiffs assert that the Court should exercise supplemental jurisdiction. (Compl. ¶ 23 (*citing* 28 U.S.C. § 1367).)

Presently, Horizon moves for dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting, among other things, that the Court should dismiss Counts One and Two because Plaintiffs have not demonstrated that they have standing to assert claims against Horizon for its alleged § 502(a) ERISA violations.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs' claims have facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). This means that the Complaint contains sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Presently, Horizon moves for dismissal of Counts One and Two pursuant to Rule 12(b)(6) because the Assignments alleged by Plaintiffs do not demonstrate statutory standing for Plaintiffs to assert their ERISA claims.[3] And when, as here, standing is challenged on a motion to dismiss, the burden falls on the proponent of the claim to establish that it has standing to sue. *See Franco v. Connecticut General Life Ins. Co.*, 818

---

[3] The Court reviews a motion to dismiss for lack of statutory standing under Federal Rule of Civil Procedure 12(b)(6). *Franco v. Connecticut General Life Ins. Co.*, 818 F.Supp.2d 792, 809 (2011) (distinguishing Rule 12(b)(6) dismissal for failure to meet statutory prerequisites to bring suit from Rule 12(b)(1) dismissal for lack of injury in fact) (*citing Maio v. Aetna, Inc.*, 221 F.3d 472, 482 n. 7 (3d Cir. 2000).

3

F.Supp.2d 792, 810-811 (D.N.J. 2011) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  Thus, here, the burden falls on Plaintiffs to establish that they have standing to sue under ERISA § 502(a).

### III.  DISCUSSION

#### a. ERISA Standing

Under § 502(a) of ERISA:

(a) . . . A civil action may be brought --
> (1) by a participant or beneficiary . . .
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan [or]; . . .
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. §§ 1132(a).

Thus, Plaintiffs will only have standing to sue under ERISA § 502(a) if their Complaint sets forth sufficient facts demonstrating that they are Plan "participants" or "beneficiaries." [4]  Those terms, generally, refer to individuals entitled to receive benefits under an employee benefit plan, and not to the healthcare providers who treat those individuals.  *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399–400 (3d Cir. 2004).  And in spite of this general rule, Plaintiffs assert that the Assignments they received from Plan Participants are nonetheless sufficient to confer ERISA standing.  Although the Third Circuit has not definitively ruled on whether a healthcare provider may obtain ERISA § 502(a) standing through an assignment, many other circuit courts have expressly held that providers may have standing to assert an ERISA § 502(a) claim "where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan."  *Id*. at 401 n. 7.

In *Franco v. Connecticut General Life Ins. Co.*, 818 F.Supp.2d 792 (D.N.J. 2011), Judge Chesler reviewed recent District of New Jersey cases that have considered precisely what a healthcare provider must present to the court to establish that an assignment has conferred him with statutory standing to assert a § 502(a) ERISA claim.

---

[4] Although § 1132(a)(3) also confers standing on "fiduciaries," for purposes of this motion, Plaintiffs' only colorable basis for § 502(a) ERISA standing is as "participants" or "beneficiaries."  *See* 29 U.S.C. § 1002(21)(A) (defining "fiduciary").

4

Those cases include:  *North Jersey Ctr. for Surgery v. Horizon BCBS of New Jersey Inc.*, No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) (vague references to a purported assignment failed to establish that there was a complete assignment of health insurance benefits for purposes of ERISA § 502(a) standing because the court must be satisfied that the alleged assignment encompasses the plan participants' rights to receive the full benefits of their plan (within the scope of ERISA), and not simply the right to reimbursement of medical expenses (beyond the scope of ERISA)); *Cooper Hosp. Univ. Med. Ctr. v. Seafarers Health and Benefits Plan*, No. 05–5941, 2007 WL 2793372, at *3 (D.N.J. Sept. 25, 2007) (no ERISA jurisdiction where applicable assignment's language allowed the provider hospital to receive payments directly from the patient's health benefits insurer but did not support an 'unequivocal assignment of all of [the patient's] rights under [the ERISA] plan"); *Cmty. Med. Ctr. V. Local 464A UFCW Welfare Reimbursement Fund*, 143 Fed.Appx. 433, at 435 (3d Cir. 2005) (observing in dicta that a court could not be satisfied that a provider has standing to pursue a claim under ERISA § 502(a) as an assignee without knowing the term or parameters of the purported assignments).

In short, and as demonstrated in *Franco*, the scope of the "assignment of benefits" is critical to determining whether a provider has standing to sue under ERISA.  *Franco* at 809 (2011).  Thus, presently, Plaintiffs will meet their burden of establishing ERISA standing if their Complaint contains specific factual allegations to render plausible their claim that the Assignments they received from the Plan Participants conferred them with the right to receive the full benefits of that Plan.  *Id*.  However, vague references to a common practice and purported assignment will not satisfy this burden, in which case, dismissal of Counts One and Two will be proper.

### b. For Substantially the Same Reasons Set Forth in *Franco v. Connecticut General Life Insurance  Company*, the Court Will Dismiss Counts One and Two

In *Franco*, a group of healthcare providers who treated persons insured under Defendant CIGNA's healthcare plans ("Provider Plaintiffs") filed a putative class action in district court against CIGNA for its systematic underpayment for those services.  The Provider Plaintiffs alleged that they would obtain assignments from patients which authorized them to receive reimbursement directly from CIGNA for services rendered, but which also allowed the Provider Plaintiffs to balance bill the patient for any amount disallowed by CIGNA.[5]  *Id*. at 805.  The Provider Plaintiffs further alleged that CIGNA

---

[5] In *Franco*, the only Provider Plaintiffs who received assignments and the right to balance bill were Non-Participating Providers.  The Court wishes to make clear that in this action, the Complaint alleges that all three Plaintiffs received assignments and the right to balance bill for, at the very least, non-Covered Services, and that as alleged, Horizon improperly and systematically denied reimbursement for E/M services, passive modalities, and active therapies, because, among other reasons, they were non-Covered Services.  In other words, as a practical matter, Plaintiffs allege that Horizon both implicitly and, at times, explicitly, denied reimbursement for these three treatments as non-Covered Services.  Thus, although Plaintiff DeMaria was a Participating Provider who was

5

improperly reimbursed them for healthcare services rendered.  In response, CIGNA filed a motion to dismiss Plaintiff Providers' complaint for failure to state a claim.  As part of that motion, CIGNA challenged the statutory standing of the Provider Plaintiffs to assert ERISA claims.

In ruling that dismissal of the Provider Plaintiff's ERISA claims for lack of standing was proper, the *Franco* Court noted that the Provider Plaintiffs' pleading "provide[d] only the most conclusory assertions that various Provider Plaintiffs obtained an assignment of 'benefits' from their patients." *Id*. at 810.  ("Simply asserting that CIGNA subscribers have assigned their CIGNA plan benefits fails to plausibly establish that each Provider Plaintiff has obtained at least one actual assignment of a patient's right to assert a claim for benefits and pursue litigation under ERISA.  Provider Plaintiffs . . . fail to plead facts (for example, actual assignment language) to support their legal conclusion that a valid assignment of the proper breadth was given by patients." *Id*.

Similarly, in the current matter, Plaintiffs, who seek to represent a class of similarly situated healthcare providers, vaguely assert that they obtained Assignments from Plan Participants which entitle them to any claims for reimbursement which would otherwise be payable to the Plan Participants under the terms of each Plan.  Moreover, pursuant to these Assignments, the Plan Participants remained personally liable to Plaintiffs for any non-Covered Services.  On these facts, and as was the case in *Franco*, the Court finds that: "At best, the allegations provide only the most ambiguous and conclusory information about what the purported assignments entail.  At worst for [Plaintiffs], they indicate that the assignments were limited to a patient's assigning his or her right to receive reimbursement from [Horizon] for the covered portion of the service bill, which in no way can be construed as tantamount to assigning the right enforce his or her rights under the plan.  The Court cannot conclude, based on the information supplied in the Complaint[], that the assignments encompass a [Plan Participant's] claim to benefits, such that any of the [Plaintiffs] can legally be deemed a 'participant or beneficiary' of his or her patient's ERISA health plan.  Simply put, [Plaintiffs] have not met their burden of demonstrating that they have derivative standing to sue under ERISA." *Id*. at 811-12.

Accordingly, the Court will **GRANT** Horizon's motion to dismiss Counts One and Two of the Complaint based on Plaintiffs' failure to demonstrate standing to bring claims under § 502(a) of ERISA.  At this time, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3) ("the district court[ ] may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction."); *Glaziers and Glassworkers*

---

precluded from billing Plan Participants above their negotiated rate for Covered Services, for at least some of the Plans, he could also balance bill for non-Covered Services. Accordingly, for purposes of this motion, as currently pled, Plaintiffs have failed to make any meaningful distinction between the Participating and Non-Participating Provider Plaintiffs.

*Union Local 252 Annuity Fund v. Newbridge Sec*., Inc., 823 F.Supp. 1191, 1193 (E.D.Pa.1993) (declining to exercise supplemental jurisdiction over state law claims where ERISA claims dismissed on 12(b)(6) motion).  Accordingly, the Court will dismiss this matter in its entirety, without prejudice.

### IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and this matter is dismissed without prejudice.  An appropriate order follows.

                                                /s/William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 9, 2012.**