## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSE A. DEMARIA, D.C., T. LEONARD PROBE, D.C. and JAMES PROODIAN, D.C., on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; and HORIZON HEALTHCARE OF NEW JERSEY, INC. d/b/a HORIZON HMO,<br><br>Defendants. | Civ. No. 2:11-cv-7298 (WJM)<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Alphonse A. Demaria, Leonard Probe, and James Proodian have brought this putative class action on behalf of themselves and all other similarly-situated chiropractic physicians. This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I.     BACKGROUND[1]

On November 9, 2012, the Court dismissed Plaintiffs' original Complaint without prejudice based on Plaintiffs' failure to demonstrate standing to bring federal claims under the Employee Retirement Security Income Act of 1974 ("ERISA"). In response, Plaintiffs filed the FAC on December 7, 2012.

---

[1]  The following assumes the facts alleged in Plaintiffs' FAC as true.

As an initial matter, the Court notes that the facts alleged in the FAC remain largely unchanged from facts alleged in Plaintiff's original Complaint.  As such, the Court relies largely on its November 9, 2012 Opinion for an introduction to the underlying basis for Plaintiffs' claims against Defendants:

> Defendants Horizon Healthcare Services, Inc. and Horizon Healthcare of New Jersey, Inc. (collectively "Horizon") underwrite and/or administer the health insurance benefits of more than 3.6 million persons in New Jersey ("Plan Participants") through various employer-sponsored, individual and governmental health insurance coverage plans ("Plans").  Through these Plans, Horizon provides reimbursement for certain health care services rendered to Plan Participants ("Covered Services"), subject to the terms set forth in each individual Plan.  Many of these Plans are governed by ERISA.  Other Plans are ERISA-exempt.
>
> Plaintiffs are chiropractors who would regularly provide four types of chiropractic treatments to Plan Participants.  Namely: (1) evaluation and management services ("E/M"); (2) chiropractic manipulative therapy ("CMT"); (3) passive adjunctive modalities ("passive modalities"); and (4) active therapeutic procedures ("active therapies").  In the course of providing those services to Plan Participants, all three Plaintiffs assert that "as a matter of course," they would obtain written assignments ("Assignments") from Plan Participants which entitled Plaintiffs to any claims for reimbursement which would otherwise be payable to the Plan Participants.

(Nov. 9, 2012 Op. 1-2, ECF No. 21.)

In their FAC, Plaintiffs set forth the specific language used to create those Assignments.  In that regard, Plaintiff DeMaria had each of his patients execute an "Assignment and Release" which states "I certify that I, and/or my dependent(s), have insurance coverage with [Name of Insurance Company] and assign directly to Dr. [DeMaria] all benefits, if any, payable to me for services rendered";  Plaintiff Probe had each of his patients sign an "Assignment of Benefits" form which reads, in part:  "THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THIS [INSURANCE] POLICY"; and Plaintiff Poodian's patients were required to sign a "Patient Financial Policy" form which contains the following language:  "You further assign your rights to benefits under your contract of insurance or other third party payment to [Dr. Proodian] and all benefits payable to you under your insurance policies and health benefits plan."  (FAC ¶¶ 89- 91.)

> Plaintiffs would thereafter seek reimbursement from Horizon for those services. [Plaintiff DeMaria was a Horizon "Participating Provider," meaning that when he treated [certain] Plan Participants, he agreed to accept payments directly from Horizon for Covered Services as payment in full (through a participation contract with Horizon hereinafter referred to as a "Provider Agreement").  Plaintiffs Proodian and Probe were "Non-Participating Providers" who, under at least some of the Plans, were entitled to be

reimbursed by Horizon, but also retained the right to "balance bill" Plan Participants for the difference between their submitted charges and any reimbursement paid to them by Horizon for Covered Services.]  Plaintiffs allege that from at least March 2004 until April 15, 2010, Horizon systemically and improperly denied their insurance benefit claims for E/M services, passive modalities, and active therapies, and only provided benefits for the CMT services.

. . . .

Horizon later took the position that it "bundled" reimbursement for all four services into a "global fee" for CMT.  And on October 7, 2009, the New Jersey Department of Banking and Insurance ("DOBI") held that Horizon's bundling practices violated New Jersey's Unfair Claim Settlement Practices Act, N.J.S.A. § 17B:30-13.1.  The DOBI therefore ordered Horizon to begin "to individually evaluate whether E/M [services, passive modalities, and active therapies] billed by chiropractors are significantly separable from CMT or other services provided by chiropractors."  (*Id.* ¶ 15.)  Plaintiffs concede that Horizon was in compliance with the DOBI's order by April 15, 2010, but nonetheless now seek relief from Horizon for its past pattern of improperly processing reimbursement claims for chiropractic treatments.

(Nov. 9, 2012 Op. 2-3, ECF No. 21) (portions of Footnote 2 included).

Plaintiffs FAC asserts that Horizon's practice of "bundling" violated § 502(a) of the Employment Retirement Security Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) (Counts One and Two, respectively); and creates state law claims for breach of contract (Count Three); breach of the covenant of good faith and fair dealing (Count Four); promissory estoppel (Count Five); unjust enrichment (Count Six); common law fraud (Count Seven); and negligent misrepresentation (Count Eight).

In the FAC, Plaintiffs make the following additional allegations with regards to their state law claims:

Horizon's 'bundling' of claims for separately identifiable services provided by chiropractic physicians: constituted an unlawful denial of insurance benefits under the terms, conditions, and benefit limitations set forth in the underlying non-ERISA Plans; breached the terms of the Provider Agreements entered into by Participating Providers; breached the duty of good faith and fair dealing relative not only to its Provider Agreements but also to the underlying insurance contracts with its Insureds, *Price v. N.J. Mfrs. Ins. Co.*, 867 A.2d 1181, 1185 (N.J. 2005) (citing *Sears Mortg. Corp. v. Rose*, 634 A.2d 74, 84 (N.J. 1993)); constituted bad faith on the part of Horizon due to the "absence of a reasonable basis for denying benefits for the policy and [Horizon]'s knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Gingham v. Liberty Mut. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 32234, 4-5 (D.N.J. Mar. 26, 2010) (quoting *Pickett v. Lloyd's*, 621 A.2d 445, 453 (N.J. 1993) (citation and internal quotation marks omitted); confered an unjust benefit upon Horizon to the detriment of the

> Plaintiffs and members of the Putative Class; and constituted a pattern of negligent and/or fraudulent misrepresentations of fact, by and through false and/or misleading denial codes set forth on [explanation of benefit] statements from Horizon in response to claims submitted by chiropractic physicians for E/M services, passive modalities, and active therapies, which Plaintiffs and members of the Putative Class (and their patients) relied upon to their detriment."

(FAC ¶ 76.)  In response, Defendants filed the present Rule 12(b)(6) motion to dismiss, in which they assert a number of arguments in favor of dismissal.  The Court will address each of those arguments in turn.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs' claims have facial plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  This means that the Complaint contains sufficient factual allegations to raise a right to relief above the speculative level.  *Id*. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.   DISCUSSION

### a.   **Standing**

Horizon first moves for dismissal of Counts One and Two based on its assertion that Plaintiffs have still not met their burden of establishing ERISA standing, and have also failed to establish harm sufficient to confer them with Article III standing.  The Court disagrees.  As explained in the Court's November 9, 2012 Opinion:

> [W]hen, as here, standing is challenged on a motion to dismiss, the burden falls on the proponent of the claim to establish that it has standing to sue.  *See Franco v. Connecticut General Life Ins. Co.*, 818 F.Supp.2d 792, 810-811 (D.N.J. 2011) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  Thus, here, the burden falls on Plaintiffs to establish that they have standing to sue under ERISA § 502(a).

> . . . .

> Under § 502(a) of ERISA:

> (a) . . . A civil action may be brought --

4

        (1) by a participant or beneficiary . . .
               (B) to recover benefits due to him under the terms of his plan, to enforce
               his rights under the terms of the plan, or to clarify his rights to future
               benefits under the terms of the plan [or]; . . .
        (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice
        which violates any provision of this subchapter or the terms of the plan, or (B) to
        obtain other appropriate equitable relief (i) to redress such violations or (ii) to
        enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. §§ 1132(a).

Thus, Plaintiffs will only have standing to sue under ERISA § 502(a) if their Complaint sets forth sufficient facts demonstrating that they are Plan "participants" or "beneficiaries." Those terms, generally, refer to individuals entitled to receive benefits under an employee benefit plan, and not to the healthcare providers who treat those individuals. *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399–400 (3d Cir. 2004). And in spite of this general rule, Plaintiffs assert that the Assignments they received from Plan Participants are nonetheless sufficient to confer ERISA standing. Although the Third Circuit has not definitively ruled on whether a healthcare provider may obtain ERISA § 502(a) standing through an assignment, many other circuit courts have expressly held that providers may have standing to assert an ERISA § 502(a) claim "where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan." *Id*. at 401 n. 7.

. . . .

[A]s demonstrated in *Franco* [*v. Connecticut General Life Ins. Co.*, 818 F.Supp.2d 792 (D.N.J. 2011)], the scope of the "assignment of benefits" is critical to determining whether a provider has standing to sue under ERISA. *Franco* at 809 (2011). Thus, presently, Plaintiffs will meet their burden of establishing ERISA standing if their Complaint contains specific factual allegations to render plausible their claim that the Assignments they received from the Plan Participants conferred them with the right to receive the full benefits of that Plan. *Id*. However, vague references to a common practice and purported assignment will not satisfy this burden, in which case, dismissal of Counts One and Two will be proper.

(Nov. 9, 2012 Op. 4-5, ECF No. 21) (footnote omitted.)

     As presently pled, Plaintiffs' FAC contains specific factual allegations demonstrating that the Assignments they received from the Plan Participants conferred Plaintiffs with the right to receive the full benefits of those Plans. As such, for substantially the same reasons set forth in the Court's November 9, 2012 Opinion, Plaintiffs have now pled sufficient facts to establish ERISA standing. *See Edwards v. Horizon Blue Cross Blue Shield of New Jersey*, No. 08-6160, 2012 LEXIS 105266, at * 8-11 (D.N.J. June 5, 2012) (finding ERISA derivative standing based on similar assignment of benefits language).

5

And because Plaintiffs have pled sufficient facts demonstrating that the Assignments they received confer ERISA standing, it follows that they have pled sufficient facts demonstrating how they have stepped into the shoes of their patient beneficiaries to ensure that Horizon performs its obligations. *Edwards v. Horizon*, at *12 (citing *Biomed Pharm., Inc. v. Oxford Health Plans, Inc.*, Civ. No. 10-7427, 2010 U.S. Dist. LEXIS 141812, at *10 (S.D.N.Y. Feb. 17, 2010).   On the facts alleged by Plaintiffs, Horizon failed to meet its obligations under the terms of the various Plans, and Plaintiffs, as assignees of Horizon's Insureds, suffered harm as a result of that failure.  As such, Plaintiffs' FAC alleges injury to Plaintiffs sufficient to confer Article III injury in fact standing. *Edwards* at *11-12 (finding Article III standing sufficiently pled based on similar assignment of benefits language). *See also Franco v. Connecticut Gen. Life Ins. Co.*, CIV. 07-6039 (FSH), 2008 WL 3399644 (D.N.J. Aug. 6, 2008) ("allegedly improper reduction in [insured's] benefits constitutes an injury sufficient to confer Article III standing").  Accordingly, Horizon's motion to dismiss for lack of standing will be **DENIED**.

### b.  ERISA Section § 502(a)(3)

Horizon next moves for dismissal of Plaintiff's § 502 (a)(3) claim (Count Two), based on its assertion that the only remedy available under that provision is remand to the plan administrator and that as pled, Plaintiffs have failed to seek that relief.  The Court disagrees.

Section 502 (a)(3) permits a participant in an ERISA plan to bring a civil action "to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan."  29 U.S.C. § 1132(a)(3). Section 502(a)(3) is a "safety net," or "catch-all" provision allowing for "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).  Included within this ambit are actions for interest on delayed benefit payments. *Fotta v. Trustees of United Mine Workers of Am., Health & Retirement Fund of 1974*, 165 F.3d 209, 214 (3d Cir. 1998) ("a beneficiary of an ERISA plan may bring an action for interest on delayed benefits payments under section 502(a)(3)(B) of ERISA").

In Count Two of their FAC, Plaintiffs explicitly seek "unpaid benefits, and interest thereon back to the date their claims were originally submitted to Horizon."  (FAC § 127.)  And because the request for this relief is appropriately made under § 502(a)(3), Horizon's motion to dismiss Count Two based on its assertion that the only remedy available under Section 502(a)(3) is remand to the plan administrator will be **DENIED**. *See also Tannenbaum v. UNUM Life Ins. Co. of Am.*, CIV.A. 03-CV-1410, 2004 WL

1084658 (E.D. Pa. Feb. 27, 2004) (pleadings can simultaneously seek relief under 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3)(B)) (citing *Varity*, 516 U.S. at 515).

### c. **Plaintiffs' State Law Claims**

In addition to their ERISA-based claims, Plaintiffs have also asserted a number of state law claims arising out of from Horizon's allegedly improper practice of "bundling" as it relates to Horizon's ERISA-exempt Plans. Horizon moves to dismiss all such counts. The Court will address each count in turn.

In Count Three, Plaintiffs assert a claim for breach of contract. For this claim to survive dismissal, Plaintiffs must allege sufficient facts showing: (1) the existence of valid contracts between the parties; (2) that Horizon breached those contracts; (3) that Plaintiffs performed their obligations under those contracts, and; (4) that Plaintiffs were damaged as a result of that breach. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003). In this matter, Plaintiffs claim that they entered into contracts with Horizon via various non-ERISA Plans and Provider Agreements, that under the terms of those Plans and Provider Agreements, Plaintiffs were entitled to be reimbursed for providing E/M services, passive modalities, active therapies, and CMT services, and that Horizon improperly reimbursed them only for CMT services, to Plaintiffs' detriment. On these facts, Plaintiffs have sufficiently pled their breach of contract claim. Accordingly, Horizon's motion to dismiss Count Three will be **DENIED**. *See Assoc. of New Jersey Chiropractors v. Aetna, Inc.*, No. 09-3761 (JAP), 2012 WL 1638166, at *12 (D.N.J. May 8, 2012).

In Count Four, Plaintiffs assert a claim for breach of the covenant of good faith and fair dealing. This covenant is implied in "[e]very contract in New Jersey" and imposes a duty on contracting parties to refrain from actions that would injure a contracting party's right to receive the fruits of that contract. *Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 421 (1997). Having determined that Plaintiffs have stated sufficient facts in support of their breach of contract claim, it follows that Plaintiff has also alleged sufficient facts showing that Horizon breached the duty of good faith and fair dealing under the terms of the Plans and Provider Agreements. *See Coastal Group, Inc. v. Westholme Partners*, No. 94-3010, 1996 WL 33545605 at *7 (D.N.J. Oct. 3, 1996) ("because this court will deny defendants' motion to dismiss [plaintiff's count alleging breach of contract], it correspondingly must deny defendants' motion with respect to [plaintiff's] count alleging violation of the breach of the implied covenant of good faith and fair dealing."). As such, Horizon's motion to dismiss Count Four will also be **DENIED**.

In Count Five, Plaintiffs assert a claim for promissory estoppel. For this claim to survive Rule 12(b)(6) dismissal, Plaintiffs must plead sufficient facts showing: (1) a clear and definite promise, (2) made with the expectation that the promisee will rely upon it,

(3) reasonable reliance upon the promise, (4) which results in definite and substantial detriment. *Lobindo v. O'Callaghan*, 357 N.J. Super. 488, 499 (App. Div. 2003). Here, Plaintiffs claim that they "reasonably relied upon Horizon's numerous assurances and promises that it would process claims and issue benefits in accordance with the terms of its Provider Agreements . . . and also in accordance with the Plans," and that Plaintiffs relied on those promises to their detriment and were improperly reimbursed as a result. (FAC at ¶ 146.) The Court finds these facts are sufficient for Count Five to survive dismissal at the pleadings stage, and Horizon's motion to dismiss Count Five will be **DENIED**.

In Count Six, Plaintiffs assert a claim for unjust enrichment, the elements of which are: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Wanaque Borough Sewerage Auth. v. West Milford*, 144 N.J. 564, 677 A.2d 747, 753 (N.J. 1996). In determining whether Plaintiffs have adequately stated a claim for unjust enrichment, the critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct. *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004). Here, Plaintiffs allege that Horizon – through its failure to process claims and issue benefits in accordance with the terms of its Provider Agreements and Plans – retained funds it should otherwise have given to Plaintiffs, and was unjustly enriched in the process. On these facts, the Court finds that Plaintiffs have adequately pled their unjust enrichment claim. Accordingly, Horizon's motion to dismiss Count Six will be **DENIED**.

In Counts Seven and Eight, Plaintiffs assert claims for fraud and negligent misrepresentation, respectively. For Plaintiffs' fraud claim to survive Rule 12(b)(6) dismissal, Plaintiffs must plead sufficient facts showing that: (1) Horizon made a material misrepresentation of fact; (2) which it knew to be false; (3) which was made to induce Plaintiffs to rely on the misrepresentation; and (4) that Plaintiffs were injured as a result of their reasonable reliance upon that misrepresentation. *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 624-25, 432 A.2d 521 (1981). And in order to state a claim for negligent misrepresentation, Plaintiffs must allege: (1) an incorrect statement; (2) negligently made; (3) upon which plaintiff justifiably relied; and (4) that resulted in economic loss or injury as a consequence of that reliance. *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011) (citing *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324 (1983). Moreover, both claims are subject to the heightened pleading standard of Rule 9(b), which requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011). In other words, Plaintiff must inject "precision and some measure of substantiation into [his] allegations of fraud" such as the "date, time, and place." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

Here, Plaintiffs assert that Horizon told them it was denying their requests for reimbursement for E/M services, passive modalities, and active therapies, and would only reimburse Plaintiffs for CMT services.  In other words, Horizon took the position that it would only reimburse Plaintiffs for certain chiropractic services, and conveyed that reimbursement policy to Plaintiffs.  The issue before this Court is not whether that statement was true, but is instead whether Horizon's reimbursement policy was proper.  And on these facts, there was no misrepresentation of fact sufficient to support Plaintiffs' fraud and negligent misrepresentation claims.  *See In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 2:06-CV-5774(SRC), 2009 WL 2043604, at *33 (D.N.J. July 10, 2009) (dismissal of plaintiffs fraud and negligent misrepresentation claims appropriate where plaintiffs failed to plead a single instance in which defendants made a misrepresentation of fact which plaintiffs relied on).  Accordingly, Horizon's motion to dismiss Counts Seven and Eight will be **GRANTED**.

### d.  **Dismissal for Failure to Exhaust Administrative Remedies**

Horizon also moves to dismiss the FAC in its entirety based on Plaintiffs' failure to exhaust administrative remedies, as required under both ERISA and the contractual terms of the various Plans and Provider Agreements.  In response, Plaintiffs contend that resorting to Horizon's internal appeals process would have been futile, and therefore that their failure to exhaust their internal remedies should be no barrier to their present claims.

When faced with a futility argument, the Court considers the following factors:

(1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile. Of course, all factors may not weigh equally.

*Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002).  Here, Plaintiffs allege that from March 2004 until April 15, 2010, Horizon systemically and improperly denied their insurance benefit claims for E/M services, passive modalities, and active therapies, and only provided benefits for the CMT services because Horizon took an unwavering position that it "bundled" reimbursement for all four services into a "global fee" for CMT.  On these facts, Plaintiffs have sufficiently pled that their resort to Horizon's internal appeals process would have been futile.  *See DeVito v. Aetna, Inc.*, 536 F.Supp.2d 523, 532-33 (D.N.J. 2008).  Accordingly, Horizon's motion to dismiss for failure to exhaust administrative remedies will be **DENIED**.

e.  **Horizon's Remaining Arguments**

Horizon advances two other arguments which the Court will briefly address.  First, Horizon moves for dismissal based on the doctrine of *Burford* abstention, which requires federal courts to abstain from matters falling with the "special competence" of state governments.  *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241 (3d Cir. 2008). Horizon asserts that *Buford* abstention is appropriate because "the very same practices about which Plaintiffs now complain are governed by New Jersey statute and regulated by DOBI."  (Def.'s Br. in Supp. of Mot. to Dismiss 37.)  However, for substantially the same reasons set forth in *DeVito v. Aetna*, the Court finds that *Burford* abstention is inappropriate for this matter.  *See DeVito* at 528-529 ("Defendants' DOBI-related arguments are not grounds for *Burford* abstention.").

Second, Horizon moves for dismissal of Dr. Proodian from this matter in light of a release he signed on July 18, 2011 in which he "release[d] Horizon from any and all claims, causes of action, liabilities or obligations, that were asserted, or could have been asserted, with regard to the subject matter of [four small claims cases filed in New Jersey state court]."  (Flynn Cert., Ex. 37, ECF No. 11.)  In response, Plaintiff contends that the claims asserted in the present action are unrelated to the subject matter of those actions and therefore, not barred under the terms of that release.  At this juncture, because there is insufficient evidence for the Court to definitively conclude that Dr. Proodian's present claims concern the "same subject matter" governed by the release, the Court finds that dismissal of Dr. Proodian from this action is inappropriate.

## IV.    CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.  An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 31, 2013.**