## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALPHONSE A. DEMARIA, *et al.*, on their own behalf and on behalf of certified classes, | : : : : : | Case No. 2:11-cv-07298(WJM)(MF) |
| *Plaintiffs,* | : : : : | **ORDER AND FINAL JUDGMENT** |
| - v. - | : : : | |
| HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | : : : : : : | |
| *Defendants.* | : : : | |

This matter comes before the Court for hearing under this Court's Order, dated June 20th, 2016 ("Preliminary Approval Order"), on Plaintiffs' Motion (the "Motion") for Final Approval of a Settlement Agreement dated May 6, 2016 (the "Settlement Agreement"). Due and adequate notice having been given to the certified ERISA Class and the certified Non-ERISA Class (collectively, the "Class") as required in the Preliminary Approval Order, and for good cause shown;

**IT IS** on this 18th day of October 2016, hereby,

**ORDERED** that the Motion for Final Approval of Class Settlement is **GRANTED**, as set forth herein. The Court makes the following findings and orders:

1.      As used herein, words with initial capitalization shall have the meanings set forth in the Settlement Agreement, except where otherwise noted.

2.      This Court has jurisdiction over the Class Action and over all parties to the Class Action, including all Class members.

3.      The Court finds that the Settlement Agreement is, in all respects, fair, just, reasonable and adequate to the Class and, therefore, FINALLY APPROVES the Settlement and the Plan of Allocation thereunder pursuant to Fed. R. Civ. P. 23(e), and directs the Settlement Agreement's terms to be performed as stated therein. Except as otherwise expressly provided in the Settlement Agreement, Horizon shall have no responsibility for the administration of the Settlement or the allocation of funds related thereto, and shall have no liability whatsoever to any person, including, but not limited to, Class Members, in connection with any such administration or allocation.

4.      The Class Action and all its claims, including all Settlement Claims (except for any individual claims of Class members, identified in Exhibit 1 hereto, who have validly and timely requested exclusion from the Class), are dismissed with prejudice.  The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

5.      On the Effective Date: (a) Plaintiffs and each and all Class members shall be deemed to have, and by operation of the Order shall have, fully, finally, and

2

forever released, relinquished and discharged all Settlement Claims against the Horizon Parties; and each and all Class members are hereby forever barred and enjoined from asserting, commencing or prosecuting any and all Settlement Claims against Horizon or the Horizon Parties; and (b) Horizon and the Horizon Parties shall be deemed to have, and by operation of the Order shall have, fully, finally, and forever released, relinquished and discharged all Released Parties' Claims against Plaintiffs and any member of the Class; and Horizon and the Horizon Parties are hereby forever barred and enjoined from asserting, commencing or prosecuting any and all Released Parties' Claims against Plaintiffs or any member of the Class, provided, however, that nothing herein shall release the Parties from their obligations under the Settlement Agreement.

6.      The Mailed Notice, Publication Notice, and Long Form Notice published on the Web site (collectively, the "Notice") given to the Class was the best notice practicable under the circumstances, and said Notice fully satisfied the requirements of applicable law, including Rule 23(c)(2), and the Due Process Clause of the United States Constitution.

7.      The Settlement and the Settlement Agreement, and any act performed or document executed under or in furtherance of the Settlement and the Settlement Agreement or any negotiation, discussion or proceedings in connection with the Settlement and the Settlement Agreement shall not be offered or received against

any Party for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Class Action, or in any litigation, or the deficiency of any defense that was or could have been asserted in the Class Action, or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Defendants.

8.    Without affecting this Judgment's finality in any way, this Court hereby retains continuing jurisdiction over implementation of the Settlement Agreement and all Parties for the purpose of construing, enforcing and administering the Settlement Agreement.

9.    The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

10.    If the Settlement does not become effective in accordance with the Settlement Agreement, then (i) this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the

Settlement Agreement, and (ii) the parties shall immediately revert to their litigation positions as of May 6, 2016.

11. The Court also finds that the fees charged and to be charged by the Settlement Administrator to administer the Settlement and make distributions from the Settlement Fund are fair and reasonable, and GRANTS Plaintiffs' request that those fees, to the extent they exceed the $160,000.00 for which Horizon is obligated to pay pursuant to paragraph 19 of the Settlement Agreement, be paid out of the Settlement Fund.

12. Class Counsel and the Settlement Administrator are hereby ORDERED and DIRECTED to implement the provisions of the Settlement Agreement and the Plan of Allocation and to make all distributions from the Settlement Fund in accordance herewith.

13. The Court finds that this Order and Judgment constitutes a final adjudication on the merits of the Class Action, and should be entered without delay. Accordingly, the Clerk is directed to enter this Judgment forthwith.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**